**DUSTY MCBRIDE and**
**MCBRIDE CONSTRUCTION, LLC**                                    **PLAINTIFF**

**V.**

**ACUITY, A MUTUAL INSURANCE**
**COMPANY**                                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion to Compel Discovery and To Require Defendant to Produce a Privilege Log (DN 15).  Defendant has responded (DN 18).  Plaintiffs have replied (DN 19).  For the foregoing reasons, Plaintiffs' motion is DENIED.

### BACKGROUND

Plaintiffs were insured under a Commercial General Liability (CGL) policy issued by Defendant Acuity Insurance Company ("Acuity").  Plaintiffs were sued in McCracken County Circuit Court by Gary and Holly Holder, purchasers of a home constructed by Plaintiffs.  The law suit alleged property damage as a result of a footer/foundation allegedly installed on expansive soils causing the home to experience differential settlement.  The Plaintiffs then sought coverage and a defense from Acuity.  Acuity notified counsel for Plaintiffs that Acuity was denying coverage and a defense.  Plaintiffs then filed this declaratory judgment action against Acuity seeking a declaration of rights and duties under the terms of the CGL policy.

Plaintiffs' first set of interrogatories and requests for production of documents was served on Acuity on May 4, 2011.  Acuity responded on June 21, 2011.  In the requests for production of documents, Plaintiffs sought discovery of (1) any document which "addresses, discusses, or

relates to the claims;" (2) the entire claims file and any claims investigation file or any documents "regarding plaintiffs' request for coverage and defendant's denial of coverage for the claims asserted by the Holders;" and (3) any correspondence or communications related to plaintiff's request for coverage and defendant's denial of coverage. Defendant's Answers to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, DN 15-2, Requests 4, 6-7. In response, Acuity claimed that such materials were protected by attorney-client privilege and/or the work product doctrine. Acuity did provide a certified copy of an insurance policy and two court decisions apparently supporting its decision to deny coverage.

## DISCUSSION

Plaintiffs claim they are entitled to materials that are in the possession, control or custody of Acuity that relate to its internal interpretation and analysis of the policy, its claims investigation, and its denial of coverage that pre-dates the actual denial. Defendants have asserted that discovery related to why Acuity made the decision to deny coverage is irrelevant and immaterial. Defendant also asserts that such documents are privileged under the attorney-client privilege and the work product doctrine.

Determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv).

Discovery requests are not limitless. "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)). "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. Pro. 26(b)(1). Relevant information does not need to be admissible so long as the "discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In this declaratory judgment action, the only issue is that of the availability of coverage under the CGL policy. This is a purely legal question which may be settled by dispositive motion without resort to extrinsic evidence. To make this determination, the Court must compare the allegations in the Holders' underlying complaint against the language contained in the CGL policy. The evidence sought by Plaintiffs relating to Acuity's internal interpretation and analysis of the policy, the claims investigation, and the communications and documents relating to the request and denial of coverage have no bearing on this Court's determination of whether coverage exists under the language of the CGL policy. Because the Court agrees with Defendant's relevancy objections, it is not necessary to rule on any privilege objections at this time.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel (DN 15) is DENIED.